UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 06-CV-67-KKC

GREGORY M. LONGUS                                                    PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

JEFF GRONDOLSKY, ET AL.                                          RESPONDENTS

    Gregory M. Longus, an individual currently incarcerated at the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"), has filed a *pro se* petition for writ of habeas corpus [Record No. 1]. He has paid the $5.00 filing fee [Record No. 3].

    This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

    This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

<u>CLAIMS</u>

    The petitioner, who is a District of Columbia ("D.C.") Code offender, claims that the United States Parole Commission ("USPC") violated his right to due process of law when it improperly considered his 1999 Presentence Investigation Report ("PSI"). Petitioner contends that his 1999 PSI

contains erroneous information which caused the USPC to place him in Violence Category II and Category III and to assign him a base Score of 5.

NAMED RESPONDENTS

The petitioner has named Jeff Grondolsky, the warden of FCI-Manchester, and the USPC as the respondents in this proceeding.

ALLEGATIONS OF THE PETITION

The petitioner has been in federal custody since July, 2000.[1]  The USPC conducted a parole hearing on March 24, 2005.  The USPC issued a  "Notice of Action Letter" dated July 15, 2005, in which it informed the petitioner that he would receive presumptive parole on May 21, 2007,  "after service of 80 months . . . conditioned upon your maintaining good institutional conduct and the development of a suitable release plan."  [Attachment No.1 to Petition].

The petitioner states that in 1998 he was charged in D.C. with threatening a friend.  He states that he was sentenced to 80 months to 20 years, and that execution of his sentence was suspended except for 1 year with a 5-year supervised probation period.  Attachment No. 2 of the petition reflects that on July 31, 2001, the petitioner's parole was revoked and that he was sentenced to a five- to fifteen-year term.

In the July 15, 2005 "Notice of Action Letter," the USPC stated that it accepted the version of the crime as it was described in the original 1999 PSI Report.  The "Notice of Action Letter" states that "The assault on the victim with a bottle caused injury rated as malicious disfigurement and your guidelines have been adjusted accordingly."  [Petition; Attachment No. 1 (USPC letter, p.1)].  The petitioner disputes the statement in the PSI Report which states that he attacked the victim with a bottle, characterizing the claim as "an inaccurate factual predicate."  He states that the PSI Report was prepared

---

[1] The USPC has control over District of Columbia prisoners for parole matters, pursuant to the National Capital Revitalization and Self-Government Improvement Act, Pub. L. No. 105-33, §11231(a)(1), 111 Stat. 712, 745, enacted in 1997.

prior to his September 1999 sentencing proceeding, and that after his incarceration began, he discovered that the PSI obtained incorrect information.  He states that he attempted to rectify the inaccurate information by contacting the Court Services and Offender Supervision Agency in D.C. ("CSOSA").

He attaches as Exhibit No. 3 the letter which he states he sent to Mr. Paul Quander, Director of the CSOSA on March 10, 2004.  In the letter, the petitioner explains that although he was charged with assault with a deadly weapon, the charge was dismissed and he was not convicted of that offense.  The petitioner contends that although the *initial* PSI Report referred to the bottle/disfigurement claim, there was a *Revised* PSI Report which did not contain the reference to the assault with a deadly weapon claim. He complains in his §2241 petition that the USPC instead relied upon the *original* 1999 PSI Report which contained the objectionable entry instead of the *Revised* PSI Report which made no reference to the thrown bottle/disfigurement allegation which had been dismissed.  The petitioner attached the Revised PSI Report as Exhibit No. 5 to his petition.  He did not attach the *original* PSI Report (about which he complains in this petition), which contained the reference to his having thrown a bottle at the victim and disfiguring her.

He contended in his letter to Quander, as he does in the instant §2241 petition, that to the extent the PSI Report alluded to the fact that the petitioner hit the victim with a bottle (dangerous weapon), the PSI Report is tainted with erroneous information on which the USPC relied in increasing his security classification.  The petitioner alleges that as a result of the USPC's reliance on the wrong PSI Report (not provided to the Court), USPC included enhancements under Base Point Categories II and III which. These enhancements elevated the seriousness of the petitioner's offense (under the Salient Factor Score) and resulted in him receiving a Base point Score of "5."

Moreover, the petitioner contends that the USPC incorrectly calculated his next parole eligibility date.  He asserts that his parole eligibility date was April 21, 2005.

3

RELIEF REQUESTED

He asks the Court to enter an order requiring the USPC to recalculate his entire Base Point Score category using a the Revised PSI and to order a new parole eligibility date.

DISCUSSION

The Court's scope of review of a decision by the Parole Commission is extremely limited. Review of a decision by the USPC is limited to a determination that a rational basis exists for the Commission's conclusions. *See Kimberlin v. White*, 7 F.3d 527, 533 (6th Cir.1993); *Hackett v. United States Parole Comm'n*, 851 F.2d 127, 129-30 (6th Cir.1987) (per curiam). Neither the USPC's findings of fact nor its credibility determinations are subject to review. *See Farkas v. United States*, 744 F.2d 37, 38-39 (6th Cir.1984). Review is appropriate, however, in considering whether the USPC acted within its statutory and regulatory authority. *See Hackett*, 851 F.2d at 130; *Farkas*, 744 F.2d at 39. Thus, the inquiry is not whether the USPC's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the USPC's conclusions. *See Solomon v. Elsea*, 676 F.2d 282, 290 (7th Cir. 1982).

In *Persico v. Gluch*, 948 F.2d 1289, 1991 WL 246972 (6th Cir. 1991) (unpublished opinion), the Sixth Circuit Court of Appeals summarized as follows the role of the district court when a petitioner for a writ of habeas corpus complains about a decision by the USPC:

> Our review of Parole Commission decisions is extremely limited. This court has held that "the Parole Commission's substantive decision to grant or deny parole is an action 'committed to agency discretion' under the Administrative Procedure Act, 5 U.S.C. §701(a)(2)." *Farkas v. United States*, 744 F.2d 37, 39 (6th Cir. 1984). "'[T]he inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons.'" *Hackett v. United States Parole Comm'n*, 851 F.2d 127, 130 (6th Cir. 1987) (quoting *Solomon v. Elsea*, 676 F.2d 282, 290 (7th Cir. 1982)).

*Id.* at *1. *See also Taylor v. USPC*, 734 F.2d 1152, 1155 (6th Cir. 1984) (appellate review limited to an abuse of discretion standard).

Accordingly, the Court examines the instant record herein for a rational basis for the USPC's decisions. It must be remembered that the USPC may consider "any relevant evidence or information in reaching its decision." *Tobon v. Martinez*, 809 F.2d 1544, 1545 (11th Cir. 1987). It is for the USPC to make findings of fact and weigh the credibility of proffered evidence, not this Court. *Farkas v. United States*, 744 F.2d at 38-39.

Petitioner fails to show that the USPC abused its discretion by relying on the original PSI Report instead of the Revised PSI Report. The USPC possesses broad discretion to review information which would assist in its determination of whether to release a prisoner on parole. *Goldberg v. Warden, Allenwood Federal Prison Camp*, 622 F.2d 60, 64 (3d Cir.), *cert. denied*, 449 U.S. 871 (1980). The USPC is empowered under 18 U.S.C. §4207(3) (1976) to consider presentence reports to determine severity ratings despite the lack of formal limitations on their contents. *Gregg v. United States*, 394 U.S. 489, 492 (1969); *see Farkas* (Fact that petitioner was involved in the criminal activity made the information relevant for petitioner's parole consideration; USPC is required to consider relevant and available information concerning the prisoner's characteristics and offense, including presentence investigation reports); 28 C. F. R. §2.19(a)-(b).

The USPC may rely on information derived from hearsay, other convictions, offenses not formally adjudicated, and circumstances linking a prisoner to a larger conspiracy. *See Arias v. United States Parole Commission*, 648 F.2d 196, 200 (3d Cir. 1981); *Goldberg*, 622 F.2d at 64; *Kinebrew v. Storey*, 762 F.2d 1008, 1985 WL 13111, **2 (6th Cir.(Ky.)) (Unpublished Disposition).

Here, the USPC was authorized to consider the original PSI Report prepared in the instant petitioner's criminal case. The USPC's calculations regarding the petitioner's security level, as set forth in its July 15, 2005 "Notice of Action Letter," were neither factually erroneous nor irrationally based. There was no abuse of discretion by the USPC and no judicial review is warranted. *See Bialkin v. Baer*, 719 F.2d 590, 593 (2d Cir. 1983).

5

The Court also notes that there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Nebraska*, 442 U.S. 1 (1978). *See also Robey v. U.S. Parole Com'n*, 779 F.2d 52, 1985 WL 13894, **1 (6th Cir.(Ky.)) ("It is irrelevant that petitioner was not convicted for the two counts of theft dismissed against him. The fact that petitioner was involved in the criminal activity made the information relevant for petitioner's parole consideration. *Farkas*, *supra*. *See Taylor v. United States Parole Commission*, 734 F.2d 1152 (6th Cir. 1984); *Adam v. Keller*, 736 F.2d 320 (6th Cir. 1984). Hence, consideration given to petitioner's presentence report by the Regional Commissioner did not constitute an abuse of discretion.").

The petitioner next claims that when the USPC erroneously relied on the original PSI Report's inclusion of the "Threats to Injure Person," it characterized the action as a "Crime of Violence." He alleges that placing the conduct in that category negatively affected his parole eligibility date. However, as noted, the Court has concluded that the USPC acted within its rights in relying on the original PSI Report, which caused his Base Point Score to be increased to a "5."

The old D.C. Parole Board utilized a set of Guidelines which were adopted on April 27, 1992, "to ensure consistency and equity in the establishment of parole reconsideration dates." [Board of Parole, Policy Guidelines §II (April 27, 1992)] For prisoners serving terms of five or more years, such as the petitioner, D.C. Municipal Regulation ("DCMR") §104.2 provides for a one-year set-off (reconsideration) date.[2] Under these Guidelines, the prescribed one-year set-off dates are not without limitations. Recognizing that the prescribed set-offs may not be suitable for every inmate denied parole, §104.11 of the DCMR provides as follows:

> Notwithstanding any other provision of this section, the Board may order a parole reconsideration date it determines to be appropriate.

---

[2]  28 DCMR §104.2 provides as follows:

When the Board denies parole and orders reconsideration for a person serving a maximum sentence of five (5) years or more, reconsideration shall ordinarily occur within twelve (12) months.

*Id.*, §104.11.

In *Hall v. Henderson*, 672 A.2d 1047, 1052 (D.C. App 1996), the D.C. Court of Appeals discussed the discretionary powers vested with the Board in applying the Guidelines. *Hall* states as follows:

> *Similarly, the Board's Guidelines, rather than requiring the Board to apply the set-offs prescribed in §§ 104.1-104.2, also give the Board discretion to deviate from the prescribed set-offs.* The "Rationale" for the Guidelines includes enabling the Board, in its discretion, to "establish a reconsideration date outside the prescribed set-offs *where certain factors exist*." Guidelines §V. Consequently, the overall "Policy" of the Guidelines on scheduling parole hearings after a parole denial is stated as follows:
>
> A. Set-offs When Parole is Denied:
>
> 1. When the Board denies parole for any offender, it shall ordinarily schedule a reconsideration date within the prescribed set-offs *unless certain factors support imposition of an alternative set-off.* The length of the set-off is based on the term of the sentence imposed by the courts, and may not exceed the date on which release from incarceration becomes mandatory. . . .
>
> 2. The Board, *in its discretion,* may schedule a reconsideration date *later* than the prescribed set-off if one or more *aggravating* factors are present. . . .
>
> 3. The Board, in its discretion, may schedule a reconsideration hearing date *prior* to the prescribed set-off if one or more *mitigating* factors are present . . . .
> *Id*. §VI(A)(2).

*Hall v. Henderson*, 672 A.2d at 1052 (Emphasis Added).

*Hall* continues that the Guidelines establish a number of "aggravating" and "mitigating" factors to assist the Board [now, the USPC] in deciding whether to schedule a set-off of longer or shorter duration than the prescribed set-offs. *Id*. In cases where a longer-than-prescribed set-off date might be more suitable, the Guidelines allow the Board [USPC] to consider "aggravating" factors. In the instant proceeding, the Revised PSI Report, prepared by SCSO Karen McDaniel on September 7, 1999, contains statements which would indicate the existence of an aggravating factor: the pattern of aggressiveness which the petitioner demonstrated. McDaniel noted that prior to the incident which led

7

to the petitioner's current charges in D.C., the petitioner had previously been "fortunate to have many similar type charges dismissed in the past (both in DC and Prince George's County, Maryland)." [Record No.1 (Attachment, Revised PSI Report, p. 8]  McDaniel stated that the petitioner made threats of personal harm to the victim as he was being arrested by police officers in the instant case.  McDaniel stated as follows:

> If he will talk about hurting someone in the presence of police officers, one shudders to think of what he might do when no one is around.  In this writer's opinion, Mr. Longus totally lost his sense of proportion after he became involved with Ms. Young [the victim]. . . [T]his writer believes that his aggressiveness is escalating.  Incarceration is appropriate, in this writer's opinion, although according to AUSA Carroll, the victim is only asking that the defendant receive therapy."

[*Id*.] (Emphasis Added).  The Court will not disturb the USPC's findings and conclusions.

CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)       The §2241 petition for habeas corpus [Record No. 1] is **DENIED**, and this action [06-CV-67-KKC] is **DISMISSED WITH PREJUDICE**, *sua sponte,* from the docket of the Court.  (2)       Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondents.

Dated this 30th day of March, 2006.



Signed By:

***Karen K. Caldwell***

**United States District Judge**